WEIMER, J., concurring.
 

 I concur in the result and write separately to point out that the district court focused on the defendant's arrest in holding the statute unconstitutional. While the arrest is a prerequisite to offering the test for alcohol consumption to one charged with driving while intoxicated, and the defendant is innocent until proven guilty, the defendant's refusal to consent to the test should be the focal point.
 

 Of course, as recognized by the majority,
 
 [1]
 
 driving is a privilege and not a right.
 
 State v. Jackson
 
 , 00-0015, p. 10 (La. 7/6/00),
 
 764 So. 2d 64
 
 , 72. The state can impose reasonable requirements on a driver to exercise that privilege.
 
 See
 

 id
 
 .
 
 Under the statutory provisions in question, after the arrest, the defendant is faced with a choice-to take or to refuse the test. A difficult choice is still a choice. Ultimately, the consequences imposed result from the refusal to take the test in this matter, not from the arrest itself. Therefore, the statutory provisions in question satisfy the due process requirements.
 

 Accordingly, I respectfully concur in the result in this matter.
 

 Carver v. Louisiana Department of Public Safety
 
 , 17-1340 (La. 1/30/18), slip op. at 8.